United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHRYN CSERNA, | CASE NO. 5:14-cv-00413 EJD |
| Plaintiff(s), | **ORDER TO SHOW CAUSE** |
| v. | |
| SANTA CLARA COUNTY SHERIFF'S DEPARTMENT, et. al., | |
| Defendant(s). | |

Plaintiff Kathryn Cserna ("Plaintiff") commenced the instant action on January 28, 2014, against Defendants Santa Clara County Sheriff's Department and Deputy Laurie Smith. See Docket Item No. 1. As is its obligation, the court has reviewed the Complaint to determine whether Plaintiff has included allegations sufficient to establish federal jurisdiction. See Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013). Since the current version of the Complaint does not contain such allegations, the court issues the instant order to show cause with instructions to Plaintiff.

The court must consider two principles when reviewing a complaint for the existence of subject matter jurisdiction. First, it is mindful that "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of America, 511 U.S. 375, 377 (1994). Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. See 28 U.S.C. §§ 1331, 1332. For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is

1

1  created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution
2  of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800,
3  808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1,
4  27-28 (1983)). For diversity, federal courts have original jurisdiction where (1) opposing parties are
5  citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

6  Second, the court must look to the complaint's jurisdictional allegations because "[a] party
7  invoking the federal court's jurisdiction has the burden of proving the actual existence of subject
8  matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). To that end,
9  Federal Rule of Civil Procedure 8 requires the plaintiff to provide "a short and plain statement of the
10 grounds for the court's jurisdiction." It also requires "a short and plain statement of the claim
11 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

12 Here, Plaintiff's Complaint does not contain a sufficient "short and plain statement"
13 supporting jurisdiction in this court. While it appears that Plaintiff seeks to invoke federal question
14 jurisdiction based the allegation that Defendants violated her "other civil rights," it is not clear
15 which civil rights are at issue or whether they arise under federal law. In addition, the court is
16 unable to undertake an analysis under 28 U.S.C. § 1915(e)[1] because Plaintiff has not yet established
17 jurisdiction by designating the particular civil rights claim at issue. Plaintiff must resolve this
18 deficiency before the case can proceed further.

19 Accordingly, the court hereby issues an order to show cause why this action should not be
20 dismissed for lack of subject matter jurisdiction. If Plaintiff does not, by **February 17, 2014,**
21 demonstrate good cause in writing why this case should not be dismissed by filing an amended
22 complaint, the court will dismiss the action without prejudice. Plaintiff is advised that any amended
23 complaint filed pursuant to this order must (1) identify the statute or other authority establishing a
24 federal civil rights claim, and (2) contain sufficient factual allegations to state a federal claim since,

---

[1] Since Plaintiff has filed an application to proceed in forma pauperis (see Docket Item No. 2), the court will pre-screen her claims prior to service and may dismiss the case at any time the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. See Denton v. Hernandez, 504 U.S. 25, 34 (1992).

2
CASE NO. 5:14-cv-00413 EJD
ORDER TO SHOW CAUSE

1 | without such factual allegations, this case may still be subject to dismissal under 28 U.S.C. §
2 | 1915(e).  No hearing will be held on the order to show cause unless otherwise ordered by the court.
3 | **IT IS SO ORDERED.**

Dated:  February 5, 2014

_____
EDWARD J. DAVILA
United States District Judge